IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TERI CLINE**, on behalf of herself and all other plaintiffs similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br><br><br>**DEMANDSCIENCE, LLC, A MASSACHUSETTS CORPORATION, AND PURE B2B, LLC, A MASSACHUSETTS CORPORATION,**<br><br>Defendants. | **No.**<br><br><br><br>**Hon.**<br>**District Court Judge**<br><br>Hon.<br>Magistrate Judge<br><br>*JURY DEMAND* |

## COMPLAINT

NOW COMES Plaintiff, **TERI CLINE,** ("Plaintiff") on behalf of herself and all other plaintiffs similarly situated, known and unknown, by and through her attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF BILLHORN LAW FIRM, and for her Complaint against Defendants **DEMANDSCIENCE, LLC AND PURE B2B, LLC** (each a "Defendant", collectively the "Defendants"), state as follows:

**I.  NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., (FLSA) and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq* (IMWL).

**II.  JURISDICTION AND VENUE**

2. Jurisdiction arises under the provisions of the FLSA, 29 U.S.C. §§ 206-207, and for the supplemental Illinois claims, pursuant to 28 U.S.C. §1367.

3. Jurisdiction also arises through diversity of citizenship pursuant to 28 U.S.C. §1332(a). The citizenship of the Parties is completely diverse. Plaintiff is a citizen of Illinois, as are all of the putative Class members asserted to be entitled to Notice of the action. The Defendant corporations, domiciled in Massachusetts, are citizens thereof for purposes of diversity jurisdiction. Defendants are incorporated in Massachusetts, transact business in Massachusetts, and maintain their headquarters and principal place of business in Massachusetts. All Parties are citizens of, domiciled in, and otherwise reside in different states.

4. Additionally, the amount of money in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiffs performed work in this district and are each a resident of this district and Defendants are or were engaged in business in this district.

**III.     THE PARTIES**

6. Defendant, **DEMANDSCIENCE, LLC**, is the parent company of, or otherwise acquired ownership of or merged with, Defendant **PURE B2B, LLC** in 2021 or 2022. See https://pitchbook.com/profiles/company/132964-75#overview. See also Defendant's August 18, 2020 press release "Key Leadership Evolution at DemandScience" (https://demandscience.com/press-releases/key-leadership-evolution-at-demand-science/).

7. Tracking the previous internet web address of **PURE B2B, LLC** (http://www.pureb2b.com/), that search redirects to the website of Defendant **DEMANDSCIENCE, LLC**. (https://demandscience.com/). Both Defendants currently list their company headquarters at 222 Rosewood Drive, Danvers, MA. 01923.

8. Defendants' local facility, where Plaintiff worked at all times relevant hereto, is located at 25 N. River Lane, Geneva, IL. 60134.

9. On their shared website, Defendants describe their function as follows:

*DemandScience is a leading B2B demand generation company that makes marketing and sales easier by enabling organizations to find the right prospects faster and target in-market buyers. The DemandScience Live Data Factory uses innovative technologies to deliver accurate data with relevant intent signals, helping organizations accelerate the buyers' journey from top-of-funnel to conversion. Founded in 2012, DemandScience's products, data and leads benefit more than 1,500 customers worldwide. With offices in 7 countries and 800+ employees, DemandScience is #5 on Fortune Magazine's list of the best workplaces in advertising & marketing.*

https://demandscience.com/press-releases/the-financial-times-names-demandscience-one-of-the-americas-fastest-growing-companies-for-2nd-consecutive-year/

10. Defendants are an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

11. During all relevant times, Defendants were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

12. Plaintiff, **TERI CLINE**, is a former employee of Defendants who, between approximately August 2021 and April 2022, was employed by Defendants as an "inside sales associate".

13. Plaintiff was paid a salary intended to compensate her for 40 hours per week and on occasions, was paid additional amounts defined as "commissions". However, Plaintiff regularly worked in excess of 40 hours and did not receive any additional compensation for such hours, including overtime premiums for hours worked over 40 in individual work weeks.

14. Plaintiff was not exempt from the overtime provisions of the FLSA and the IMWL.

15. Plaintiff, as were other members of the proposed Plaintiff Class, was misclassified as "inside sales associates", and illegally denied time and one half her regular hourly rate for work in excess of 40 hours in a workweek because one or more of the requirements of 29 U.S.C. §207(i) of the FLSA were not satisfied.

16. All other unnamed, similarly situated Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants as inside sales associates and were misclassified as salary-exempt employees and as a result, improperly denied overtime for hours worked in excess of 40 in individual work weeks, as described above.

17. As an employee performing duties for an enterprise engaged in commerce, the named Plaintiffsand all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV. STATUTORY VIOLATIONS

### Fair Labor Standards Act

18. Pursuant to the FLSA, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the FLSA, Section 260.

### Illinois Minimum Wage Law

19. Pursuant to the IMWL, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

## V.     FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

20. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

21. Plaintiff, on a regular basis within her dates of employment, worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for such hours pursuant to the requirements of the federal and state statutes relied upon herein.

22. During most, if not all, workweeks during Plaintiff's employment, Plaintiff worked in excess of the regular 40-hour schedule for which her salary was intended to compensate.

23. Plaintiff, and members of the Plaintiff Class as proposed, frequently worked 50 hours or more per week, sometimes as many as 60-70 hours or more each week.

24. Plaintiff rarely received any compensation in the form of commissions over and above her static salary, compensation which was only intended to compensate her for the first 40 hours worked each week.

25. Plaintiff was not exempt from the overtime provisions of the FLSA or IMWL such that she should have been compensated on an hourly basis and received additional compensation, including overtime premiums, for hours worked in excess of 40 each week.

26. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of working hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

27. The claims brought herein by the named Plaintiff are based on non-compliant wage and hour practices and policies implemented by Defendants and are identical or similar to the claims of other past and present inside sales associates who were subject to the same non-compliant wage and hour policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-27. Paragraphs 1 through 27 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 27 of this Count I.

28. Pursuant to the FLSA, 29 U.S.C. §201 *et seq*, Plaintiff is entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

29. Defendants have at all times relevant hereto failed and refused to pay compensation to Plaintiff, and the Plaintiff Class, as described above.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA; and,

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-29. Paragraphs 1 through 29 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 29 of Count II.

30. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience, custom, and practice, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

31. Pursuant to the FLSA, Plaintiff is entitled to compensation at a rate not less than one and one-half times her regular rate of pay for all hours worked in excess of forty (40) in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the FLSA; and

(d) such additional relief the Court deems appropriate under the circumstances.

### COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-31. Paragraphs 1 through 31 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 31 of Count III.

32. In denying Plaintiff compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

33. Plaintiff is entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

### COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-33. Paragraphs 1 through 33 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 33 of this Count IV.

34. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the IMWL, 820 ILCS §115/1 *et seq.*

35. The IMWL provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through February 18, 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the IMWL;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff is entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute.

Respectfully submitted,

*Electronically Filed 05/15/2023*

s/John W. Billhorn
John William Billhorn
Samuel D. Engelson

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 1137
Chicago, IL 60604
(312) 853-1450

Attorneys for Plaintiffs and those similarly situated, known and unknown