IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TERI CLINE AND SIMONA BANNERMAN,** on behalf of themselves and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br><br><br><br> **DEMANDSCIENCE US, LLC., A MASSACHUSETTS CORPORATION,** <br><br> Defendants. | **N<u>o</u>.** 23 cv 3045 <br><br><br> **Hon. Charles P. Kocoras** <br> **District Court Judge** <br><br> Hon. Heather K. McShain <br> Magistrate Judge <br><br> *JURY DEMAND* |

**SECOND AMENDED COMPLAINT**

NOW COME Plaintiffs, **TERI CLINE AND SIMONA BANNERMAN,** ("Plaintiffs") on behalf of themselves and all other plaintiffs similarly situated, known and unknown, by and through their attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF BILLHORN LAW FIRM, and for their Second Amended Complaint against Defendant **DemandScience US, LLC**. ("Defendant"), state as follows:

**I.   NATURE OF ACTION**

1.   This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, (FLSA) for both of the proposed (Illinois and Pennsylvania) Classes, and for the Illinois Class the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq* (IMWL).

## II.     JURISDICTION AND VENUE

2.     Jurisdiction arises under the provisions of the FLSA, 29 U.S.C. §§ 206-207, and for the supplemental Illinois state law claim, pursuant to 28 U.S.C. §1367.

3.     Jurisdiction also arises through diversity of citizenship pursuant to 28 U.S.C. §1332(a). The citizenship of the Parties is completely diverse. Plaintiff Cline is a citizen of Pennsylvania as are all of the putative Pennsylvania Class members asserted to be entitled to Notice of the action. Plaintiff Bannerman is a citizen of Illinois, as are all of the putative Illinois Class members asserted to be entitled to Notice of the action. The Defendant corporation, domiciled in Massachusetts, is a citizen thereof for purposes of diversity jurisdiction. Defendant is incorporated in Massachusetts, transacts business in Massachusetts, and maintains its headquarters and principal place of business in Massachusetts. All Parties are citizens of, domiciled in, and otherwise reside, in different states.

4.     Additionally, the amount of money in controversy exceeds $75,000, exclusive of interest and costs.

5.     Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff Bannerman performed work in this district, and Defendant is engaged in business in this district.

## III.     THE PARTIES

6.     Defendant, **DEMANDSCIENCE US, LLC**, is a result of the merger of Pure B2B, Inc. and DemandScience LLC. in 2021 or 2022. See https://pitchbook.com/profiles/company/132964-75#overview. See also August 18, 2020 press release "Key Leadership Evolution at DemandScience" (https://demandscience.com/press-releases/key-leadership-evolution-at-demand-science/).

7. Defendant currently lists its company headquarters at 222 Rosewood Drive, Danvers, MA. 01923.

8. Defendant's local facility, where Plaintiff Bannerman worked at all times relevant hereto, is located at 25 N. River Lane, Geneva, IL. 60134.

9. On their website, Defendant describes its function as follows:

*DemandScience is a leading B2B demand generation company that makes marketing and sales easier by enabling organizations to find the right prospects faster and target in-market buyers. The DemandScience Live Data Factory uses innovative technologies to deliver accurate data with relevant intent signals, helping organizations accelerate the buyers' journey from top-of-funnel to conversion. Founded in 2012, DemandScience's products, data and leads benefit more than 1,500 customers worldwide. With offices in 7 countries and 800+ employees, DemandScience is #5 on Fortune Magazine's list of the best workplaces in advertising & marketing.*

https://demandscience.com/press-releases/the-financial-times-names-demandscience-one-of-the-americas-fastest-growing-companies-for-2nd-consecutive-year/

10. Defendant is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

11. During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

12. Plaintiff, TERI CLINE, is a former employee of Defendant who, between approximately August 2021 and April 2022, was employed by Defendant as an "inside sales associate". Plaintiff Cline worked from her home located in Wayne, Pennsylvania, at all times relevant hereto.

13. Plaintiff, SIMONA BANNERMAN, is a former employee of Defendant who, between approximately March 30, 2020 to April 11, 2023, was employed by Defendant at the

3

Geneva, Illinois location as an "inside sales associate".

13. Plaintiffs were paid a salary intended to compensate them for 40 hours per week and on rare occasions, were paid additional amounts defined as "commissions". However, Plaintiffs regularly worked in excess of 40 hours and did not receive any additional compensation for such hours, including overtime premiums for hours worked over 40 in individual work weeks.

14. Plaintiffs were not exempt from the overtime provisions of the FLSA or their any state wage and hour statute provisions.

15. Plaintiffs, as were other members of the proposed Pennsylvania and Illinois Classes, were misclassified as "inside sales associates", and illegally denied time and one half their regular hourly rate for work in excess of 40 hours in a workweek because one or more of the requirements of 29 U.S.C. §207(i) of the FLSA (and supplemental state statutory requirements) were not satisfied.

16. All other unnamed, similarly situated Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendant in Illinois or Pennsylvania as inside sales associates and were misclassified as salary-exempt employees and as a result, improperly denied overtime for hours worked in excess of 40 in individual work weeks, as described above.

17. As employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all members of the Illinois and Pennsylvania Plaintiff Classes were also engaged in commerce as defined by the FLSA.

**IV. STATUTORY VIOLATIONS**

**Fair Labor Standards Act**

18. Pursuant to the FLSA, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiffs as an opt-in representative or collective action, on behalf of themselves and other

Plaintiffs similarly situated, who have been damaged by Defendant's failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the FLSA, Section 260.

**Illinois Minimum Wage Law**

19.     Pursuant to the IMWL, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff Bannerman on behalf of herself and all other Illinois Class Members to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

**V.     FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

20.     Plaintiffs, at all times pertinent to the cause of action, were employed by Defendant, said employment being integral and indispensable to Defendant's business.

21.     Plaintiffs, on a regular basis within their dates of employment, worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for such hours pursuant to the requirements of the federal and state statutes relied upon herein.

22.     During most, if not all, workweeks during Plaintiffs' employment, Plaintiffs worked in excess of the regular 40-hour schedule for which their salary was intended to compensate.

23.     Plaintiffs, and members of the Plaintiff Classes as proposed, frequently worked 50 hours or more per week, sometimes as many as 60-70 hours or more each week.

24. Plaintiffs rarely received any compensation in the form of commissions over and above their static salary, compensation which was only intended to compensate Plaintiffs for the first 40 hours worked each week.

25. Plaintiffs were not exempt from the overtime provisions of the federal and state statutes relied upon herein, such that they should have been compensated on an hourly basis and received additional compensation, including overtime premiums, for hours worked in excess of 40 each week.

26. The total number of hours worked by Plaintiffs and members of the Plaintiff Classes, and therefore the total number of working hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendant, in that Defendant recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendant lacks the records required by 29 CFR Part 516, Plaintiffs and both Plaintiff Classes will be capable of providing reasonable estimates of that time, as permitted by law.

27. The claims brought herein by the named Plaintiffs are based on non-compliant wage and hour practices and policies implemented by Defendant and are identical or similar to the claims of other past and present inside sales associates employed by Defendant in Illinois and Pennsylvania who were subject to the same non-compliant wage and hour policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-27.	Paragraphs 1 through 27 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 27 of this Count I.

28.	Pursuant to the FLSA, 29 U.S.C. §201 *et seq*, Plaintiffs are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

29.	Defendant has at all times relevant hereto failed and refused to pay compensation to Plaintiffs, and the Plaintiff Classes, as described above.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)	back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)	prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)	Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the FLSA; and,

(d)	such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-29.	Paragraphs 1 through 29 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 29 of Count II.

30.	Defendant's actions as complained of above were done with Defendant's knowledge that the compensation policies and practices at issue were in violation of the statutes

7

alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience, custom, and practice, Defendant possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

31. Pursuant to the FLSA, Plaintiffs are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiffs' reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the FLSA; and

(d) such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-31. Paragraphs 1 through 31 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 31 of Count III.

32. In denying Plaintiffs compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and

guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

33. Plaintiffs are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

## SUPPLEMENTAL ILLINOIS STATE LAW CLAIM

1-33. Paragraphs 1 through 33 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 33 of this Count IV.

34. As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the IMWL, 820 ILCS §115/1 *et seq.*

35. The IMWL provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through February 18, 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

WHEREFORE, Plaintiff Bannerman, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the IMWL;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendant to pay Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses, as provided by statute.

Respectfully submitted,

***Electronically Filed 06/20/2023***

s/John W. Billhorn
John William Billhorn
Samuel D. Engelson

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 1137
Chicago, IL 60604
(312) 853-1450

Attorneys for Plaintiffs and those similarly situated, known and unknown