IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERI CLINE AND SIMONA BANNERMAN, on behalf of themselves and all other plaintiffs similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>DEMANDSCIENCE US, LLC., A MASSACHUSETTS CORPORATION,<br><br>Defendants. | Case No. l:23-cv-03045<br><br>Hon. Jeffrey I. Cummings<br>District Court Judge<br><br>Hon. Heather K. McShain<br>Magistrate Judge |

**ORDER**

THIS CAUSE having come before the Court on the Parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement") and due cause appearing therefor, it is hereby ORDERED AND ADJUDGED as follows:

1. The Court hereby accepts and approves the proposed Settlement, the release of claims set forth therein, and holds that the proposed Settlement is a fair and reasonable settlement of a *bona fide* dispute.

2. A one-step settlement approval process is appropriate. *See, e.g.*, *Bainter v. Akram Invests, LLC*, 2018 WL 4943884 (N.D. Ill. 2018); *Furman v. At Home Stores, LLC*, 2017 WL 1730995 (N.D. Ill. 2017); *Briggs v. PNC Financial Services Group, Inc.,* No. 15-cv-10447, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016) citing *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*,

2016 WL 5109196, at *1 (N.D. Ill. Sept. 16, 2016) ("'A one-step settlement approval process is appropriate[]'" in FLSA settlements.); *Castillo v. Noodles & Co.,* 2016 WL 7451626, at *1 (N.D. Ill. Dec. 23, 2016) (granting request for one-step approval process); *Prena v. BMO Fin. Corp.*, 2015 WL 2344949, at *1 (N.D. Ill. May 15, 2015) (same). Collective actions under 29 U.S.C. § 216(b) require workers to affirmatively opt-in to the litigation, unlike in a Federal Rule of Civil Procedure 23 class action. *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013); *see also Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA."). Because the failure to opt in to an FLSA lawsuit does not prevent potential members of the collective from bringing their own suits in the future, FLSA collective actions do not implicate the same due process concerns as do Rule 23 actions. *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579-80 (7th Cir. 1982) (discussing due process concerns present in Rule 23 class action that are not present in FLSA collective actions); *Day v. NuCO2 Mgt.LLC*, 2018 WL 2473472 at *1 (N.D. Ill. 2018)

      3.    The Settlement Notice attached to the Joint Stipulation of Settlement as **Attachment 2** is approved. The Parties shall make any necessary corrections to the dates in the Settlement Notice. The direct issuance of settlement checks informs Settlement Class Members of the specific amounts of their individual Settlement Payments. The Settlement Notice sufficiently informs Settlement Class Members of the other key terms of the settlement, including how Settlement Class Members may participate (or not participate), how the Settlement Fund is being allocated, what the Settlement Payment represents and how it was calculated, the scope of the release, and the request for attorneys' fees and costs. *See Koszyk*, 2016 WL 5109196, at *2 (N.D. Ill. Sept. 16, 2016) (approving class notice that, *inter alia*, described settlement terms and fee allocation); *Zolkos v. Scriptfleet, Inc.*, 2014 WL 7011819, at *6 (N.D. Ill. Dec. 12, 2014) (same);

*Tobin v. Beer Capitol Distributing Inc.*, 2012 WL 5197976, at *3 (E.D. Wis. Oct. 19, 2012) (same). For purposes of this settlement, any Settlement Class Member who cashes his/her settlement check shall be deemed to be an Opt-In Plaintiff in this Action pursuant to 29 U.S.C. 216(b) and is bound by the release of claims set forth in the Settlement Agreement.

4. The Court orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

5. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiffs' Counsel as provided in the Settlement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement. Courts routinely hold that fee awards in the range of one-third to 35% of a common fund is an appropriate attorneys' fees award in class action settlement, including wage and hour settlements. *See, e.g.*, *Briggs,* 2016 WL 7018566, at *3 (granting request for one-third of the settlement fund for attorneys' fees in FLSA collective action in the amount of $2,000,000 as attorneys' fees); *Castillo,* 2016 WL 7451626, at *4 (granting request for one-third of the settlement fund for attorneys' fees in FLSA collective action in the amount of $1,000,000 as attorneys' fees); *Koszyk*, 2016 WL 510916, at *3 (granting request for one-third of the settlement fund for attorneys' fees plus costs); *Watson,* (N.D. Ill. July 11, 2016); *Taubenfeld*, 415 F.3d at 599-600 (noting class actions in the Northern District of Illinois have awarded fees of 30-39% of the settlement fund); *Gaskill v. Gordon*, 160 F.3d 361, 362-63 (7th Cir. 1998) (affirming award of 38% of fund); *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d at 842 (awarding fees on one-third common fund); *Goldsmith v. Tech. Solutions Co.*, 1995 WL 17009594, at *7-8 (N.D. Ill. Oct. 10, 1995) (same and noting that "where the percentage method is utilized, courts in this District commonly award attorneys' fees equal to approximately one-third or more of the recovery"); Alba Conte *et al.*, *Newberg on Class Actions* § 14.6 (4th ed.

3

2002) ("[F]ee awards in class actions average around one-third of the recovery[.]").

6. The Court approves the Service Award Payment to the Representative Plaintiffs in recognition of their services in the Action, and orders that such payment be made in the manner, and subject to the terms and conditions set forth in the Agreement.

7. The above case is hereby DISMISSED WITH PREJUDICE; each Party to bear their own attorneys' fees and costs except as otherwise provided by the Settlement. All pending deadlines are stricken as moot, and any tolling of the statute of limitations is terminated. The Court shall retain jurisdiction to enforce the Settlement.

8. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

ORDERED this 7th day of April, 2025

_____
THE HON. JEFFREY I. CUMMINGS
UNITED STATES DISTRICT JUDGE